UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  19-20674-CR-GAYLES (s)(s)(s)(s)(s)(s)
18 U.S.C. § 371
18 U.S.C. § 670
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)
18 U.S.C. § 982(a)(1)
18 U.S.C. § 981(a)(1)(C)

FILED BY____MP____D.C.

May 8, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

STEPHEN MANUEL COSTA,
ANGEL CAMINERO ALVAREZ,
BORIS ARENCIBIA,
GUSTAVO LINARES GUZMAN, and
JOSE ARMANDO RIVERA GARCIA,
    a/k/a "Boricua,"

            Defendants.
_____/

## SIXTH SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

1.  The distribution and sale of prescription drugs in the United States is subject to regulation under the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 331 et. seq.  The purpose of the law is to ensure that patients taking prescription drugs receive safe, effective, and properly labelled medicine.

2.  Accordingly, federal law, including Title 21, United States Code, Section 360eee-1, generally requires that prescription drugs sold in the United States be accompanied by transaction information and history, beginning with the manufacturer, and covering each subsequent seller, identifying, among other things, the product, the quantity, the lot number,

strength and dosage, the date of each sale, and the parties to each transaction. Such transaction information and histories are referred to as "pedigrees."

3.  The introduction or delivery for introduction into interstate commerce of any drug that is adulterated or misbranded; the receipt in interstate commerce of any drug that is adulterated or misbranded and subsequent delivery of such drug is a violation of federal law, Title 21, United States Code, Sections 331(a) and (c).

4.  A drug is misbranded if its labeling is false or misleading, pursuant to Title 21, United States Code, Section 352(a)(1). "Labeling" includes written, printed, or graphic matter that is attached to or that accompanies the drug, or that is part of an integrated distribution system and that supplements, explains, or provides substantial information about the product.

5.  A drug is adulterated if any substance has been substituted in whole or in part for the drug, pursuant to Title 21, United States Code, Section 351(d).

6.  The acceptance of ownership by a wholesale distributor of prescription drugs without transaction information and history (pedigree), and the failure to provide a transaction statement, information, and history to a subsequent purchaser of a prescription drug, is a violation of federal law, Title 21, United States Code, Sections 331(t) and 360eee-1 and 360eee-3.

**COUNT 1**
**Conspiracy to Deliver Misbranded and Adulterated Drugs**
**18 U.S.C. § 371**

Paragraphs 1 through 6 of the General Allegations section of this Sixth Superseding Indictment are realleged and incorporated by reference as if fully set forth herein.

From an unknown date at least as early as in or around January 2013, and continuing until on or about May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STEPHEN MANUEL COSTA,
BORIS ARENCIBIA,
GUSTAVO LINARES GUZMAN, and
JOSE ARMANDO RIVERA GARCIA,
a/k/a "Boricua,"**

agreed, conspired, and combined with Joshua Ryan Joles, Mohammad Mehdi Salemi, Frank Alvarez, Kadir Diaz, Jorge Isaac Paiz, Carlos Robin Gonzalez, Leah Solomon, Lazaro Roberto Hernandez, Eladio Vega, LLC Wholesale Supply LLC, and others known and unknown to the Grand Jury to commit offenses against the United States. That is, the defendants conspired, with intent to defraud,

(a) to introduce and deliver for introduction into interstate commerce adulterated and misbranded drugs, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

(b) to receive in interstate commerce and deliver adulterated and misbranded drugs, in violation of Title 21, United States Code, Sections 331(c) and 333(a)(2), and

(c) to provide and to accept ownership of prescription drugs as wholesale distributors without providing or obtaining transaction histories and information as required by Title 21, United Sates Code, Section 360eee-1(c)(1)(A)(i) and (ii), in violation of Title 21, United States Code, Sections 331(t) and 333(a)(2).

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects of the conspiracy included the following: (1) acquiring and establishing licensed pharmaceutical wholesale companies for the purpose of carrying out the conspiracy; (2) buying expensive prescription medications, made to treat illnesses such as psychiatric disorders, cancer, and HIV infections, from sources who had obtained them from theft and burglary and from health care fraud, including buying them from patients who had received them at greatly reduced

prices through Medicare and Medicaid; (3) altering the labeling and preparing false and fraudulent pedigrees for prescription drugs in order to make them appear to have been sent to the conspirators through the legitimate means of commerce directly from the manufacturers or other established licensed wholesalers, and (4) introducing them back into interstate commerce by selling them to pharmacies. Medicines obtained in this manner are known as "diverted pharmaceuticals" or "diverted drugs." The medicines ultimately were sold by retailers to unsuspecting patients.

## OVERT ACTS

In furtherance of the conspiracy, and to achieve its objectives, at least one member of the conspiracy committed at least one of the following overt acts in the Southern District of Florida:

1. Beginning in or before January, 2013, defendant **Boris Arencibia** controlled a corporation, Quality Supplement Distributors, used for distribution of diverted pharmaceuticals.

2. On or about April 19, 2013, defendant **Stephen Manuel Costa** presented a proposal to purchase Wholesalers Group, Inc. to the company's owner in Bayamon, Puerto Rico.

3. On or about August 27, 2013, defendant **Stephen Manuel Costa** provided $250,000 to Jorge Paiz to finance the purchase of Drogueria Las Rosas in Puerto Rico.

4. On or about September 24, 2013, defendant **Stephen Manuel Costa** issued a check for $260,000 from an account he controlled in the name of Rxchange to a company controlled by Mahammad Salemi, to partially finance the purchase of Wholesalers Group, Inc. in Puerto Rico.

5. On or about October 17, 2013, defendant **Stephen Manuel Costa** wire-transferred $100,000 from Rxchange to Wholesalers Group, Inc., as part of the purchase price of Wholesaler's Group, Inc.

6. In or around late 2014, defendants **Stephen Manuel Costa** and **Boris Arencibia** met in Puerto Rico to discuss dealing in diverted pharmaceuticals to be supplied by **Arencibia**.

7. In or around late 2014 through early 2015, in Puerto Rico, Frank Alvarez and Carlos Robin Gonzalez inspected, cleaned, and shipped diverted pharmaceuticals supplied to them by defendant **Boris Arencibia** through an accomplice.

8. From in or around January 2015, through in or about October 2015, defendant **Stephen Manuel Costa** provided an apartment he controlled at 5700 Southwest 60th Street in Miami, Florida to Frank Alvarez and Kadir Diaz to use to process bottles of diverted medicines.

9. In or around January 2016, defendant **Stephen Manuel Costa** instructed Jorge Paiz to wire money to him to pay for a house **Costa** was buying.

10. On or about January 14, 2016, Jorge Paiz wire transferred approximately $384,000, obtained from sales of diverted drugs by Drogueria Las Rosas, to the seller of a house located at 7441 Southwest 125th Avenue in Miami, Florida to finance the purchase of the house by defendant **Stephen Manuel Costa**.

11. In or around June 2016, in Miami, Florida, defendant **Stephen Manuel Costa** introduced Frank Alvarez to Lazaro Roberto Hernandez as a person who would supply Alvarez with diverted pharmaceuticals when **Costa** was unavailable.

12. In or around March 2017, defendant **Boris Arencibia** met with Frank Alvarez at **Arencibia's** night club in Miami, Florida, to discuss improving their means of laundering proceeds from dealing in diverted pharmaceuticals.

13. On or about May 16, 2017, defendant **Stephen Manuel Costa** received approximately $11,167, obtained through sales of diverted drugs, from Mohammad Salemi.

14. In or around June 2017, defendant **Boris Arencibia** met with Frank Alvarez at **Arencibia's** residence at 1710 Southwest 154 Path, Miami, Florida and paid him approximately $80,000 in cash for Alvarez's participation in diverted pharmaceutical deals.

15. In or around June 2017, defendant **Boris Arencibia** met with Frank Alvarez at a barber shop on Southwest 8th Street in Miami, Florida, and paid him approximately $70,000 in cash for Alvarez's participation in diverted pharmaceuticals deals.

16. In or around July 2017, defendant **Boris Arencibia** met with Frank Alvarez at a barber shop parking lot on Southwest 8th Street in Miami, Florida, and paid him approximately $100,000 in cash for Alvarez's participation in diverted pharmaceuticals deals.

17. On or about July 1, 2017, defendant **Stephen Manuel Costa** received approximately $8,342, obtained through sales of diverted drugs, from Mohammad Salemi.

18. On or about July 3, 2017, defendant **Stephen Manuel Costa** received $18,992, obtained through sales of diverted drugs, from Mohammad Salemi.

19. At an unknown date in 2018, defendants **Boris Arencibia** and **Jose Armando Rivera Garcia, a/k/a "Boricua,"** met with Eladio Vega and Lazaro Hernandez at **Boris Arencibia's** residence in Miami, Florida to discuss selling diverted pharmaceuticals and laundering the proceeds.

20. At an unknown date in 2018, defendant **Boris Arencibia** had another person contact Kadir Diaz to establish a connection to a customer for **Arencibia's** diverted pharmaceuticals.

21. On or about July 2, 2018, defendant **Boris Arencibia** caused the establishment of a corporation in Connecticut named LDD Distributors LLC, incorporated under the name of defendant **Gustavo Linares Guzman**, for the purpose of marketing diverted pharmaceuticals.

22. On or about July 20, 2018, at defendant **Boris Arencibia's** direction, **Gustavo Linares Guzman** opened an account for LDD Distributors LLC at TD Bank, under his name, for the purpose of receiving and transferring money involved in the sales of diverted pharmaceuticals.

6

23.     On or about November 6, 2018, at defendant **Boris Arencibia's** direction, **Gustavo Linares Guzman** contacted Joshua Ryan Joles by an email in which he identified himself as "a friend of e's", meaning Eladio Vega, and offered to sell Joles diverted pharmaceuticals.

24.     On or about November 14, 2018, defendant **Jose Armando Rivera Garcia, a/k/a "Boricua,"** paid for an airline ticket for defendant **Gustavo Linares Guzman** to fly from Connecticut to Puerto Rico in connection with the business of LDD Distributors, LLC.

25.     On or about April 24, 2019, defendants **Boris Arencibia** and **Gustavo Linares Guzman** received a wire transfer of $300,000 from LLC Wholesale Supply LLC into the account of LDD Distributors LLC, as payment for the purchase and delivery of diverted pharmaceuticals.

26.     In or before May, 2019, defendants **Boris Arencibia** and **Gustavo Linares Guzman** arranged for the shipment of numerous bottles of diverted pharmaceuticals, accompanied by false and fraudulent pedigrees, to Joshua Joles at LLC Wholesale Supply LLC in Arizona.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Conspiracy to Traffic in Medical Products with False Documentation
### 18 U.S.C. § 670

From an unknown date at least as early as in or around January 2013, and continuing until on or about May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STEPHEN MANUEL COSTA,**
**BORIS ARENCIBIA,**
**GUSTAVO LINARES GUZMAN, and**
**JOSE ARMANDO RIVERA GARCIA,**
a/k/a "Boricua,"

knowingly and willfully agreed, conspired, and combined with Joshua Ryan Joles, Mohammad Mehdi Salemi, Frank Alvarez, Jorge Isaac Paiz, Kadir Diaz, Carlos Robin Gonzalez, Leah

Solomon, Lazaro Roberto Hernandez, Eladio Vega, LLC Wholesale Supply LLC, and others known and unknown to the Grand Jury to knowingly and falsely make and alter the labeling and documentation of pre-retail medical products, and to knowingly possess, transport, and traffic in pre-retail medical products involving false and altered labeling and documentation, in and using a means and facility of interstate commerce, in violation of Title 18, United States Code, Section 670(a)(2) and (3); all in violation of Title 18, United States Code, Section 670(a)(6).

It is further alleged, pursuant to Title 18, United States Code, Section 670(c)(2) that the value of the pre-retail medical products was $5,000 or greater.

## COUNT 3
### Conspiracy to Commit Money Laundering
### 18 U.S.C. § 1956(h)

From an unknown date at least as early as in or around January 2013, and continuing until May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STEPHEN MANUEL COSTA,**
**BORIS ARENCIBIA,**
**GUSTAVO LINARES GUZMAN, and**
**JOSE ARMANDO RIVERA GARCIA,**
a/k/a "Boricua,"

knowingly and voluntarily combined, conspired, and agreed with each other and with Joshua Ryan Joles, Mohammad Mehdi Salemi, Leonides Herrera, Frank Alvarez, Kadir Diaz, Jorge Isaac Paiz, Carlos Robin Gonzalez, Leah Solomon, Ruben Reynaldo Rodriguez Diaz, Adrian Cambara Ortiz, Lazaro Roberto Hernandez, Eladio Vega, Rafael Angel Romero, and others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, that is:

    (a)    to knowingly conduct financial transactions affecting interstate commerce which

involved the proceeds of specified unlawful activity, knowing that the property involved in the transactions involved the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, U.S.C. Section 1956(a)(1)(A);

(b)  to knowingly conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, knowing that the property involved in the transactions involved the proceeds of some form of unlawful activity, knowing that the financial transactions were designed in whole or in part to conceal and disguise the nature, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18 U.S.C. Section 1956(a)(1)(B)(i), and

(c)  to knowingly engage in monetary transactions in criminally derived property of a value greater than $10,000, which was derived from specified unlawful activity within the United States, in violation of Title 18, United States Code, Section 1957(a).

It is further alleged that the specified unlawful activity was mail fraud and wire fraud, in violation of Title 18 U.S.C. Sections 1341 and 1343.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS
**(18 U.S.C. § 982(a)(1))**
**(18 U.S.C. § 981(a)(1)(C))**

1.  The allegations contained in this Sixth Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **STEPHEN MANUEL COSTA, ANGEL CAMINERO ALVAREZ, BORIS ARENCIBIA, GUSTAVO**

**LINARES GUZMAN,** and **JOSE ARMANDO RIVERA GARCIA, a/k/a "Boricua,"** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Sixth Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. Upon conviction of a violation of Title 18, United States Code, Section 1341, as alleged in this Sixth Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

   a. Real property located at 7441 SW 125th Avenue, Miami, Florida 33183;

5. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████████

FOREPERSON

*(signature)*
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

*(signature)*
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

v.

STEPHEN MANUEL COSTA, et al.

_____/
Defendants.

CASE NO.: 19-20674-CR-GAYLES(s)(s)(s)(s)(s)(s)

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) Yes
Number of New Defendants  2
Total number of new counts  0

**Court Division** (select one)
☒ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take  10  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☐ 0 to 5 days                  ☐ Petty
   II   ☒ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Gayles   Case No. 19-20674-CR-DPG

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) ____
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of 5/6/2024: Boris Arencibia

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: *[signature]*
FRANK H. TAMEN
Assistant United States Attorney
FL Bar No.    261289

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** STEPHEN MANUEL COSTA

**Case No:** 19-20674-CR-GAYLES(s)(s)(s)(s)(s)(s)

Count #: 1

Conspiracy to Deliver Misbranded and Adulterated Drugs

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 2

Conspiracy to Traffic in Medical Products with False Documentation

Title 18, United States Code, Section 670

* **Max. Term of Imprisonment:** 15 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** Twice the amount laundered.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** ANGEL CAMINERO ALVAREZ

**Case No:** 19-20674-CR-GAYLES(s)(s)(s)(s)(s)(s)

Count #: 1

Conspiracy to Deliver Misbranded and Adulterated Drugs

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 2

Conspiracy to Traffic in Medical Products with False Documentation

Title 18, United States Code, Section 670

* **Max. Term of Imprisonment:** 15 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** Twice the amount laundered.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** BORIS ARENCIBIA

**Case No:** 19-20674-CR-GAYLES(s)(s)(s)(s)(s)(s)

Count #: 1

Conspiracy to Deliver Misbranded and Adulterated Drugs

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 2

Conspiracy to Traffic in Medical Products with False Documentation

Title 18, United States Code, Section 670

* **Max. Term of Imprisonment:** 15 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** Twice the amount laundered.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** GUSTAVO LINARES GUZMAN

**Case No:** 19-20674-CR-GAYLES(s)(s)(s)(s)(s)(s)

Count #: 1

Conspiracy to Deliver Misbranded and Adulterated Drugs

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 2

Conspiracy to Traffic in Medical Products with False Documentation

Title 18, United States Code, Section 670

* **Max. Term of Imprisonment:** 15 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** Twice the amount laundered.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** JOSE ARMANDO RIVERA GARCIA, a/k/a "Boricua"

**Case No:** 19-20674-CR-GAYLES(s)(s)(s)(s)(s)(s)

Count #: 1

Conspiracy to Deliver Misbranded and Adulterated Drugs

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 2

Conspiracy to Traffic in Medical Products with False Documentation

Title 18, United States Code, Section 670

* **Max. Term of Imprisonment:** 15 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** Twice the amount laundered.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**