UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-Gayles(s)(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

v.

GUSTAVO LINARES GUZMAN,

Defendant.

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves for the entry of a Preliminary Order of Forfeiture against Defendant Gustavo Linares Guzman ("Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $262,736.00. In support of this motion, the United States provides the attached Declaration of Special Agent Matthew C. Lanthorn of the Federal Bureau of Investigation and the following factual and legal bases.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 8, 2024, a federal grand jury returned a Sixth Superseding Indictment charging the Defendant in Count 2 with conspiracy to traffic in falsely documented medical products valued at more than $5,000.00 in violation of 18 U.S.C. § 670, among other counts. Sixth Superseding Indictment, ECF No. 927. The Sixth Superseding Indictment also contained forfeiture allegations. *See id.* at 10.

On January 21, 2025, the Court accepted the Defendant's guilty plea to Count 2 of the Sixth Superseding Indictment. *See* Minute Entry, ECF No. 1064; Plea Agreement ¶ 1, ECF No.

1066.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 1065.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Any property, real or personal, which constitutes, or is derived from proceeds traceable to a violation of 18 U.S.C. § 670 is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C)

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 28 U.S.C. § 2461(c). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant," unless entering the order at that time would be "impractical." Fed. R. Crim. P. 32.2(b)(2)(B); *but see McIntosh v. United States*, 601 U.S. 330, 333, 338 (2024) ("district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture"). And at sentencing, the Court "must include the forfeiture when orally

announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and then "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional

evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008).

### C. Property Subject to Forfeiture in Instant Criminal Case

According to the Defendant's Factual Proffer, during the time of the charged offense, Defendant was working with codefendants in some of their business activities. Factual Proffer ¶ 1. Defendant became aware that some of those activities involved the distribution and sale of diverted pharmaceuticals. *Id.*

In 2018, a codefendant made arrangements to sell quantities of diverted pharmaceuticals to LLC Wholesale Supply LLC in Arizona ("LLC"), using coconspirators to make the connections for the deals. *Id.* at ¶ 4. Defendant agreed to participate in this activity. *Id.* at ¶ 5. The co-defendant prepared and submitted the pharmaceutical wholesale licensing application and prepared the documentation for a corporation, LDD Distributors LLC, that Linares would operate. *Id.* They agreed Defendant would be the ostensible owner of the corporation and the signatory on its bank account. *Id.*

Once the corporation and its bank account were established, Linares sent emails to Joshua Joles, the manager of LLC, and he provided Joles with lists of drugs he had available for sale, the quantities, and the prices. *Id.* at ¶ 6. The sales Defendant made from LDD Distributors to LLC between 2018 and 2019 totaled approximately $7.3 million. *Id.* at ¶ 7. According to the attached declaration of Special Agent Matthew Lanthorn, of the approximately $7.3 million that LDD Distributors earned as a result of the distribution of diverted pharmaceuticals to LLC, approximately $262,736.00 was deposited into an account at TD Bank held in the name of the

Defendant. *See* Attachment A (Declaration of Special Agent Matthew C. Lanthorn of the FBI).

Based on the record in this case, the total value of the proceeds traceable to Count 2 of the Sixth Superseding Indictment is $262,736.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, pursuant to 18 U.S.C. § 981(a)(1)(C) and Fed. R. Crim. P. 32.2, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

## **LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has attempted to confer with defense counsel via e-mail on March 3, 2025, regarding the Defendant's position on the relief sought, but has not yet received a response.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: */s/ Nicole Grosnoff*
Nicole Grosnoff
Assistant United States Attorney
Court ID No. A5502029
nicole.s.grosnoff@usdoj.gov
U.S. Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294
Facsimile: (305) 536-4089