UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-Gayles(s)(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

v.

GUSTAVO LINARES GUZMAN,

      Defendant.

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Gustavo Linares Guzman ("Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On May 8, 2024, a federal grand jury returned a Sixth Superseding Indictment charging the Defendant in Count 2 with conspiracy to traffic in falsely documented medical products valued at more than $5,000.00 in violation of 18 U.S.C. § 670, among other counts. Sixth Superseding Indictment, ECF No. 927. The Sixth Superseding Indictment also contained forfeiture allegations. *See id.* at 10.

On January 21, 2025, the Court accepted the Defendant's guilty plea to Count 2 of the Sixth Superseding Indictment. *See* Minute Entry, ECF No. 1064; Plea Agreement ¶ 1, ECF No. 1066.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 1065.

According to the Defendant's Factual Proffer, during the time of the charged offense, Defendant was working with codefendants in some of their business activities. Factual Proffer ¶ 1. Defendant became aware that some of those activities involved the distribution and sale of diverted pharmaceuticals. *Id.*

In 2018, a codefendant made arrangements to sell quantities of diverted pharmaceuticals to LLC Wholesale Supply LLC in Arizona ("LLC"), using coconspirators to make the connections for the deals. *Id.* at ¶ 4. Defendant agreed to participate in this activity. *Id.* at ¶ 5. The co-defendant prepared and submitted the pharmaceutical wholesale licensing application and prepared the documentation for a corporation, LDD Distributors LLC, that Linares would operate. *Id.* They agreed Defendant would be the ostensible owner of the corporation and the signatory on its bank account. *Id.*

Once the corporation and its bank account were established, Linares sent emails to Joshua Joles, the manager of LLC, and he provided Joles with lists of drugs he had available for sale, the quantities, and the prices. *Id.* at ¶ 6. The sales Defendant made from LDD Distributors to LLC between 2018 and 2019 totaled approximately $7.3 million. *Id.* at ¶ 7. According to the attached declaration of Special Agent Matthew Lanthorn, of the approximately $7.3 million that LDD Distributors earned as a result of the distribution of diverted pharmaceuticals to LLC, approximately $262,736.00 was deposited into an account at TD Bank held in the name of the Defendant. *See* Attachment A (Declaration of Special Agent Matthew C. Lanthorn of the FBI).

Based on the record in this case, the total value of the proceeds traceable to Count 2 of the Sixth Superseding Indictment is $262,736.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $262,736.00 is entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this _____ day of _____ 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE